Citation Nr: 1340181 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 12-00 097 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to an initial evaluation higher than 30 percent for service-connected posttraumatic stress disorder.


REPRESENTATION

Appellant represented by: Minnesota Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Andrew Dubinsky, Associate Counsel






INTRODUCTION

The Veteran had active service from June 1994 to June 1997. The Veteran also had service in the Army National Guard with various periods of active duty for training (ACDUTRA). 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

The Board notes that there is a paperless, electronic (Virtual VA) claims file associated with the Veteran's claim. A review of the documents in that file reveals that certain documents, including VA medical records dated from October 2011 to December 2011, are relevant to the issue on appeal. The Board notes that there is no paperless, electronic VBMS claims file associated with the Veteran's claim.

The issues of entitlement to service connection for headaches and costochondritis/fibromyalgia have been raised by the record, but have not been adjudicated by the Agency of Original Jurisdiction. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

After careful review of the record, the Board finds that a remand for additional development is necessary before proceeding to evaluate the merits of the Veteran's claim. 

The Board observes that the Veteran's Virtual VA file contains VA treatment records that the RO did not consider in its March 2012 supplemental statement of the case. The Veteran has not waived initial Agency of Original Jurisdiction consideration of this evidence. Accordingly, the Board may not consider the new evidence in the first instance. See 38 C.F.R. § 20.1304 (2013).

Accordingly, the case is REMANDED for the following action:

After any additional development deemed necessary is accomplished, the Veteran's claim should be readjudicated. If any benefit sought on appeal remains denied, the Veteran and his representative should be provided with a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law, as well as regulations considered pertinent to the issue. An appropriate period of time should be allowed for the Veteran to respond. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).